UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD PHILLIPS,

                  Plaintiff,

-v-

EMILIO'S PIZZA and BAIS MOISHE CONGREGATION,

                  Defendants.

17-CV-6112 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Richard Phillips sued the two Defendants under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). Despite having been served, Defendants failed to file an appearance or respond to the Complaint. Plaintiff now moves for default judgment. For the reasons that follow, the motion is granted.

**I.    Background**

Defendant Emilio's Pizza operates a pizzeria in the Bronx. Defendant Bais Moshe Congregation is the landlord of the premises. The Complaint alleges that Plaintiff uses a wheelchair, and that the store is inaccessible to Plaintiff because of a step by the front door. The Complaint also alleges other barriers inside the store.

Both Defendants were served via the New York Secretary of State. (Dkt. Nos. 5, 6.) After Defendants failed to appear, Plaintiff requested a certificate of default from the Clerk of Court, which was issued. (Dkt. No. 8.) Plaintiff then moved for default judgment as to both Defendants. (Dkt. No. 9.) Defendants were served by mail with copies of the motion for default judgment along with the Clerk's certificate of default. (Dkt. Nos. 12, 13.) Still, Defendants have not filed an appearance.

## II. Legal Standard

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Id.* at 344. Nonetheless, because a party in default does not admit conclusions of law, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)) (internal quotation marks omitted). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## III. Discussion

This motion presents four issues: (1) liability, (2) declaratory and injunctive relief, (3) damages, and (4) attorney's fees. Each is discussed in turn.

### A. Liability

Plaintiff satisfies the requirements for liability. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

Plaintiff has properly alleged that he is disabled under the ADA. Plaintiff has also properly alleged that the pizzeria is a place of public accommodation, and that the front step constitutes a barrier to entry. *See* 28 C.F.R. § 36.304(c)(1) ("[A] public accommodation should take measures to provide access to a place of public accommodation from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp . . . .") However, the Complaint's allegations as to the barriers within the store lack sufficient detail to merit default judgment. Whereas the allegations relating to the step provide detailed specifications of the entrance along with photographs, the in-store barrier allegations are short and conclusory. (*See* Compl. ¶ 17.)

Accordingly, default judgment is granted as to the ADA claims relating to the step, but denied as to the other alleged barriers. The result is the same for Plaintiff's claims under the NYSHRL and NYCHRL. *See Shalto v. Bay of Bengal Kabob Corp.*, No. 12 Civ. 920, 2013 WL 867429, at *9 (E.D.N.Y. Feb. 6, 2013).

### B. Declaratory and Injunctive Relief

For the reasons discussed above, the Court grants Plaintiff's request for declaratory relief that Defendants violated and continue to violate the ADA because the step constitutes an illegal

3

barrier. The Court denies Plaintiff's request for declaratory relief as to the in-store barriers. The Court likewise grants Plaintiff's request for injunctive relief as to the step, but denies it as to the in-store barriers.

### C. Damages

The ADA does not provide for damages, but the NYSHRL and NYCHRL do. *See Shariff v. Beach 90th St. Realty Corp.*, No. 11 Civ. 2551, 2013 WL 6835157, at *6 (E.D.N.Y. Dec. 20, 2013). Plaintiff asks for $1,000 in damages. (Dkt. No. 11 at 5.) "The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage 'other than what a decent and reasonable individual would suffer when faced with such ignorant behavior.'" *Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ. 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012) (quoting *Okoumou v. Cnty. Recovery Corp.*, 2009 WL 6910263, at *2 (N.Y.C. Com. Hum. Rts. June 1, 2009)), *aff'd*, 731 F.3d 184 (2d Cir. 2013). Accordingly, the Court awards Plaintiff $1,000 in damages.

### D. Fees and Costs

Both the ADA and the NYCHRL allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs. *See* 42 U.S.C. § 12205; N.Y.C. Admin. Code § 8–502(g). The reference point for determining the fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Shariff*, 2013 WL 6835157, at *6. Having reviewed Plaintiff's submissions, the Court finds the request for costs and fees to be reasonable. The Court accordingly awards Plaintiff $822.10 in costs and $6,525.00 in attorney's fees.

## IV. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Default judgment is hereby entered against Defendants Emilio's Pizza and Bais Moshe Congregation in

4

the amount of $1,000 in damages, plus $6,525 in attorney's fees and $822.10 in costs, for a total of **$8,347.10**.

Defendants are hereby ORDERED to submit to plaintiff's counsel an architectural plan that remedies the violation identified above within sixty days the date of this order. Plaintiff shall have thirty days from receipt of Defendants' plans to consent or to seek further relief from the Court. Defendants shall make the necessary alterations within sixty days of Plaintiff's consent or any ruling on Plaintiff's request for further relief.

Plaintiff is directed to serve a copy of this Order on Defendants by certified mail.

The Clerk of Court is directed to close the motion at Docket Number 9 and to close this case.

SO ORDERED.

Dated: May 14, 2018
       New York, New York

_____
J. PAUL OETKEN
United States District Judge